# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * *
NAHO MIYACHI,                    *
                                 *
                                 *      No. 21-1046V
              Petitioner,        *      Special Master Christian J. Moran
                                 *
v.                               *      Filed:  May 29, 2026
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * * * * * * * * * * *
```

Kathleen Margaret Loucks, Lommen Abdo Law Firm, Minneapolis, MN for petitioner;
Voris Edward Johnson, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Naho Miyachi motion for final attorneys' fees and costs. She is awarded **$54,329.37**.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

## I.    <u>Procedural History</u>

Ms. Naho Miyachi ("petitioner") alleged that the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on April 5, 2018, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from a shoulder injury related to vaccine administration ("SIRVA"). Petition ("Pet.), filed March 10, 2021. On May 23, 2025, the parties filed a joint stipulation which the undersigned adopted as his decision on May 27, 2025. 2025 WL 1735527.

On August 11, 2025, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). The petitioner requests attorneys' fees of $49,587.40 and attorneys' costs of $6,833.37, for a total request of $56,420.77. Fees App. at 1. Petitioner warrants that she personally did not incur any costs related to the prosecution of this case. On May 30, 2025, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. Petitioner did not file a reply.

## II.    <u>Reasonable Amount of Attorneys' Fees and Costs</u>

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. <u>Id.</u> at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### 1.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel, Ms. Kathleen Loucks: $360.00 per hour for work performed in 2019, $362.00 per hour for work performed in 2020, $365.00 per hour for work performed in 2021, $427.00 per hour for work performed in 2022, $450.00 per hour for work performed in 2023, $475.00 per hour for work performed in 2024, and $495.00 per hour for work performed in 2025. Fees App. at 4. These rates are consistent with what counsel has previously been awarded for her Vaccine Program work and shall be awarded herein. See e.g., Storm, et al. v. Sec'y of Health & Human Servs., No. 20-1143, 2025 WL 3689174 (Fed. Cl. Spec. Mstr. Sept. 5, 2025); Cavanaugh v. Sec'y of Health & Human Servs., No. 22-0314V, 2025 WL 1752406 (Fed. Cl. Spec. Mstr. May 16, 2025).

### 2.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.  Nevertheless, after reviewing the submitted billing statement, the undersigned finds that the overall hours spent on this matter requires reduction.

Petitioner's counsel billed for some administrative or clerical tasks. It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office

costs included within the attorneys' fee rates"). Attorneys may not charge for clerical tasks because the attorney's hourly rate reflects overhead expenses, such as employing a secretary.  Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997).

The dichotomy between paralegal activities (billable) and clerical activities (non-billable) is often announced.  However, a general principle to differentiate them is somewhat elusive.  To qualify as a paralegal, a person needs special training and experience.  See Impresa Construzioni Geom. Demenico Garufi v. United States, 100 Fed. Cl. 750, 768 (2011); see also Pressly v. United States, No. 18-1964, 2025 WL 1780947, at *12 (Fed. Cl. May 12, 2025). Thus, one way to categorize whether activities can be billed is to ask whether the activity required special skills.

In this case, Petitioner's counsel billed multiple entries for clerical activities. For example, preparing evidence for filing, filing documents, and drafting and filing basic documents like a Notice of Filing or Exhibit List. See e.g., Fees App. at 17-18, 20, 24-25, 27, 31-33. However, these activities do not require any special training, and are thus considered clerical tasks. To be clear, there is no prohibition against performing clerical tasks; some clerical tasks, such as filing documents, are essential.  However, the employment of the person who can perform clerical tasks is built into the attorneys' high hourly rate as part of overhead.  See Pickens v. Sec'y of Health & Human Servs., No. 17-187V, 2020 WL 414442 at *4 (Fed. Cl. Spec. Mstr. Jan. 9, 2020) (denying motion for review of a decision reducing attorneys' fees and stating "legal training is not required to notify the Court that a document is being filed").  Approximately 11.1 hours were billed for these clerical tasks; this results in a reduction of **$1,636.40**. Petitioner is therefore awarded final attorneys' fees of $47,951.00.

## B.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $6,220.87 in attorneys' costs. This amount is comprised of the Court's filing fee, acquiring medical records, medical records translation services, legal research, courier services, postage, and expert services provided by Naveed Natanzi, M.D. for 7 hours at $600.00 per hour for work performed in 2023, totaling $4,200.00. See Fees App. at 36-37. Dr. Natanzi was previously awarded $535.00 per hour for time billed in 2023. See Ginsberg v. Sec'y of Health & Human Servs., 19-222V,

4

2025 WL 4090554 at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2025) (compensating Dr. Natanzi $535.00 per hour for work performed in 2023, calculated using the PPI for General Medical and Surgical Hospitals). The undersigned finds no reason to deviate from this reasoned determination. This results in a reduction of $455.00.[2]

The remaining costs are typical of Vaccine Program litigation and have been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $6,378.37.

### III.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$54,329.37** (representing $47,951.00 in attorneys' fees and $6,378.37 in attorneys' cost incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] This amount is calculated as $600 - $535 = $65 x 7 hours billed = $455.00

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.